# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

**Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500**

## MOTION INFORMATION STATEMENT

**Docket Number(s):** 16-3830-cv

**Caption [use short title]**

**Motion for:** leave to participate in oral argument, brought by Amici Industry Participants

Set forth below precise, complete statement of relief sought:

Amici seek leave to participate in oral argument to address an issue on which the government for the first time in its reply brief (filed after amici had filed their amicus brief supporting the government) appeared to endorse BMI's position, about which amici disagree with the government and BMI.

UNITED STATES OF AMERICA, Plaintiff-Appellant, v. BROADCAST MUSIC, INC., Defendant-Appellee.

**MOVING PARTY:** Amici Industry Participants            **OPPOSING PARTY:** Broadcast Music, Inc.

☐ Plaintiff   ☐ Defendant
☐ Appellant/Petitioner   ☐ Appellee/Respondent

**MOVING ATTORNEY:** Kenneth L. Steinthal            **OPPOSING ATTORNEY:** Scott Edelman

*[name of attorney, with firm, address, phone number and e-mail]*

King & Spalding LLP, 101 2nd Street, Suite 2300

San Francisco, CA 94105 (415) 318-1200 ksteinthal@kslaw.com

Millbank, Tweed, Hadley & McCloy LLP

28 Liberty Street, NY, NY 10005 (212) 530-5000 sedelman@milbank.com

Add'l attorney for party:: Kristen C. Limarzi, U.S. Department of Justice, Antitrust Div. , 950 Pennsylvania Ave., N.W., Rm. 3224, Washington, D.C. 20530-00001, (202) 514-2460, kristen.limarzi@usdoj.gov

**Court- Judge/ Agency appealed from:** United States District Court for the Southern District of New York

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes   ☐ No (explain): Government counsel takes no position on the motion. Counsel for BMI opposes the motion.

Opposing counsel's position on motion:
☐ Unopposed  ☑ Opposed  ☐ Don't Know

Does opposing counsel intend to file a response:
☐ Yes  ☐ No  ☑ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**
Has this request for relief been made below? ☐ Yes ☐ No
Has this relief been previously sought in this court? ☐ Yes ☐ No
Requested return date and explanation of emergency: _____

Is oral argument on motion requested?   ☐ Yes  ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?   ☑ Yes  ☐ No  If yes, enter date: Dec. 1, 2017

**Signature of Moving Attorney:**

Kenneth L. Steinthal            **Date:** 11/17/2017   Service by: ☑ CM/ECF  ☐ Other [Attach proof of service]

**Form T-1080** (rev.12-13)

# No. 16-3830-cv

### United States Court of Appeals for the Second Circuit

---

**UNITED STATES OF AMERICA,**

*Plaintiff-Appellant,*

v.

**BROADCAST MUSIC, INC.,**

*Defendant-Appellee.*

---

**On Appeal from the United States District Court for the Southern District of New York**

---

**MOTION BY *AMICI CURIAE* INDUSTRY PARTICIPANTS FOR LEAVE TO PARTICIPATE IN ORAL ARGUMENT**
(*See inside cover for list of* Amici Curiae)

---

| | |
|---|---|
| Jeffrey S. Bucholtz | Kenneth L. Steinthal |
| KING & SPALDING LLP | Joseph R. Wetzel |
| 1700 Pennsylvania Avenue, NW | KING & SPALDING LLP |
| Washington, DC 20006 | 101 2nd Street, Suite 2300 |
| Telephone: (202) 737-0500 | San Francisco, CA 94105 |
| Facsimile: (202) 626-3737 | Telephone: (415) 318-1200 |
| | Facsimile: (415) 318-1300 |

(*See inside cover for complete counsel for Amicus Curiae*)

DATE: November 17, 2017

Paul M. Fakler
ARENT FOX LLP
1675 Broadway
New York, NY 10019-5820
Telephone: (212) 457-5445

*Counsel for Music Choice*

Bruce D. Sokler
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.
701 Pennsylvania Ave., NW, Suite 900
Washington, DC 20004
Telephone: (202) 434-7303

*Counsel for NCTA – The Internet & Television Association*

Angelo I. Amador
RESTAURANT LAW CENTER
2055 L Street, N.W., Suite 700
Washington, D.C. 20036

*Counsel for Amicus Curiae Restaurant Law Center*

Karyn Ablin
FLETCHER, HEALD & HILDRETH, P.L.C.
1300 North 17th Street, 11th Fl.
Arlington, VA 22209
Telephone: (703) 812-0443

*Counsel for the National Religious Broadcasters Music License Committee*

Kenneth L. Steinthal
Joseph R. Wetzel
KING & SPALDING LLP
101 2nd Street, Suite 2300
San Francisco, CA 94105
Telephone: (415) 318-1200

Jeffrey S. Bucholtz
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone: (202) 737-0500

*Counsel for American Beverage Licensees, Computer & Communications Industry Association, Google Inc., iHeartMedia, Inc., Mood Media Corporation, National Association of Broadcasters, Netflix, Inc., Radio Music License Committee, Restaurant Law Center, SoundCloud Ltd., Viacom Inc., and WineAmerica.*

The Court has set this case for oral argument on December 1, 2017. *Amici* American Beverage Licensees, Computer & Communications Industry Association, Google Inc., iHeartMedia, Inc., Mood Media Corporation, Music Choice, National Association of Broadcasters, the National Religious Broadcasters Music License Committee, NCTA – The Internet & Television Association, Netflix, Inc., the Radio Music License Committee, Restaurant Law Center, SoundCloud Ltd., Viacom Inc., and WineAmerica are or represent music industry licensees who participated as *amici* in support of the government to offer a perspective not represented by either of the parties, that of market participants who regularly negotiate licenses with Broadcast Music, Inc. ("BMI"). As explained below, after *amici* filed their brief, the government in its reply brief for the first time appeared to endorse a position previously adopted by BMI on an issue not addressed by the district court—namely, if the BMI consent decree requires full-work licensing, whether collective licensing by BMI of fractional ownership interests in compositions it does not have the right to license on a full-work basis should be viewed as occurring "outside the auspices of the Decree" rather than in violation of it. Gov't Reply Br. 14. Although the government's intent is not

1

entirely clear, language in its reply brief seemingly endorses the notion that such fractional licensing would not be regulated by the decree.

The Court need not and should not decide this question, because it was not decided below and has not been adequately briefed in this appeal. In particular, because the government first suggested that it agreed with BMI on this issue in its reply brief, *amici*—the licensees that would be adversely impacted by a ruling on the issue—did not have an opportunity to address the issue in their brief. If the Court nonetheless is inclined to consider whether collective licensing by BMI of fractional ownership interests should be viewed as not governed by the decree, rather than as a violation of the decree, the Court should grant this motion made pursuant to Federal Rule of Appellate Procedure 29(a)(8) and allow *amici* to be heard briefly at oral argument on why that position is incorrect and dangerous.

The government has stated to counsel for *amici* that it takes no position on this motion, provided that any oral argument time the Court may grant to *amici* does not shorten the time allocated to the government. BMI has stated that it does not consent to this motion.

1. In this appeal, the Court has been presented with and must decide one—and only one—question: whether the decree requires BMI to license the right to publicly perform all of the compositions in its repertory on a full-work basis (*i.e.*, so licensees can actually perform the licensed compositions without risk of infringement). *See* Govt. Opening Br. 5 (defining the sole issue for the Court as "[w]hether the consent decree requires full-work licensing of compositions within BMI's repertory and thus bars fractional licensing of the repertory's compositions"). The district court held, and BMI argues, that BMI can license "fractional" ownership interests in compositions under the decree. The government asks this Court to reverse that decision, and *amici* agree. Because the decree requires BMI to license "the right of public performance" for all of the "compositions" in its repertory, BMI cannot engage in licensing of only fractional interests in compositions, as fractional ownership interests are not compositions and cannot be performed.

2. In its brief, BMI raised an issue not addressed by the district court. BMI argued that, even if it cannot license fractional interests *under* the decree, it can do so *outside* of the decree. *See* BMI Br. 5 ("An obligation to license works in the BMI repertory does not translate into

3

a prohibition against licensing fractional interests or any other legal right that falls out of the BMI repertory.").

Until the government's reply brief, the government's position appeared to be that, because the decree requires full-work licensing, BMI cannot collectively license fractional ownership interests in compositions without violating the decree. That is a position with which *amici* wholeheartedly agree.

In its reply brief, however, the government suggested that, if BMI engaged in collective licensing of fractional ownership interests in compositions that BMI lacks the ability to license on a full-work basis, such fractional licensing—rather than violating the decree—would simply exist "outside the auspices of the Decree." Gov't Reply Br. 14. *Amici* had no opportunity to address this new assertion of the government in their *amicus* brief because the government had not yet made it. *See id.* at 14-15 n.3 (acknowledging that "[s]ome passages in the Closing Statement suggested that BMI was prohibited from engaging in fractional licensing in all circumstances" and "clarify[ing]" the government's position on appeal).

3. The government acknowledges that the Court need not decide whether this position is correct. *Id.* at 14 ("[T]hat issue is not presented here."); *id.* at 4 ("This appeal presents a different question: whether BMI can offer fractional licenses under the collective-licensing regime regulated by the Decree."). BMI has not purported to issue collective licenses outside of the decree to a shadow repertory consisting of fractional interests in compositions not contained in BMI's "repertory" as defined by the decree. Nor did the district court consider this question; because it erroneously concluded that BMI can engage in fractional licensing *under* the decree, it did not consider whether BMI could engage in fractional licensing outside of the decree if the decree requires full-work licensing. As a result of these circumstances, this question has not been adequately briefed in this Court.

In light of this history, the Court should decide only the issue decided by the district court and raised by the government and should not address this new and unripe issue. If the Court holds that the decree requires BMI to issue full-work licenses to all of the compositions in its repertory as defined by the decree, there will be time enough, should BMI seek to collectively license fractional interests in other composi-

5

tions "outside the auspices" of the decree, for the parties—and stakeholders like *amici*—to litigate in the district court whether that violates the decree or, rather, simply falls outside of its ambit. The litigants can develop a factual record bearing on that issue as appropriate; the district court then can decide it with the benefit of such a developed record; and, if necessary, this Court can review that decision with full briefing.

4. Yet another compelling reason for the Court not to reach this issue is that it is important and controversial. In *amici*'s view, to allow BMI to engage in collective licensing of the right to publicly perform musical compositions in a manner that does not comply with the decree by the simple expedient of declaring its activities to be outside of the decree would be fundamentally inconsistent with the decree. Music users would effectively have no choice but to pay for not only the BMI license governed by the decree, but also the additional collective BMI fractional license—without the protection of an effective compulsory license on application or rate-court oversight. And that additional fractional license would not entitle music users to publicly perform the compositions in BMI's shadow repertory, as that shadow repertory would not contain compositions at all, but rather mere fractional own-

ership interests in compositions. In short, there are good reasons why the decree requires full-work rather than fractional licensing, as only full-work licensing provides the rapid, indemnified access to a PRO's vast repertory that justifies collective licensing in the first place. *See* Govt. Opening Br. 26-39, 45-50; *Amici* Br. 15-36.

## CONCLUSION

For the foregoing reasons, if the Court concludes that the decree requires full-work licensing, the Court should not address whether collective licensing by BMI of fractional interests in compositions that BMI lacks the ability to license on a full-work basis should be viewed as occurring outside of the decree rather than in violation of it. If, however, the Court wishes to consider that issue, the Court should grant this motion and allow *amici* to be heard briefly at oral argument. To avoid burdening the Court with duplicative oral argument on why the decree requires full-work licensing—the issue squarely presented by this appeal and on which *amici* and the government are in agreement—*amici* would limit themselves to arguing why BMI may not circumvent that requirement by engaging in fractional licensing and declaring it to be outside of, rather than in violation of, the decree.

Respectfully submitted,

/s/ *Kenneth L. Steinthal*

| | |
|---|---|
| Paul M. Fakler | Kenneth L. Steinthal |
| ARENT FOX LLP | Joseph R. Wetzel |
| 1675 Broadway | KING & SPALDING LLP |
| New York, NY 10019-5820 | 101 2nd Street, Suite 2300 |
| Telephone: (212) 457-5445 | San Francisco, CA 94105 |
| *Counsel for Music Choice* | Telephone: (415) 318-1200 |
| | |
| Bruce D. Sokler | Jeffrey S. Bucholtz |
| MINTZ, LEVIN, COHN, FERRIS, | KING & SPALDING LLP |
| GLOVSKY AND POPEO, P.C. | 1700 Pennsylvania Avenue, NW |
| 701 Pennsylvania Ave., NW, | Washington, DC 20006 |
| Suite 900 | Telephone: (202) 737-0500 |
| Washington, DC 20004 | *Counsel for American Beverage* |
| Telephone: (202) 434-7303 | *Licensees, Computer & Communi-* |
| *Counsel for NCTA – The Internet* | *cations Industry Association,* |
| *& Television Association* | *Google Inc., iHeartMedia, Inc.,* |
| | *Mood Media Corporation, Nation-* |
| Angelo I. Amador | *al Association of Broadcasters,* |
| RESTAURANT LAW CENTER | *Netflix, Inc., Radio Music License* |
| 2055 L Street, N.W., Suite 700 | *Committee, Restaurant Law Center,* |
| Washington, D.C. 20036 | *SoundCloud Ltd., Viacom Inc.,* |
| *Counsel for Amicus Curiae* | *and WineAmerica.* |
| *Restaurant Law Center* | |

Karyn Ablin
FLETCHER, HEALD & HIDRETH, P.L.C.
1300 North 17th Street, 11th Fl.
Arlington, VA 22209
Telephone: (703) 812-0443
*Counsel for the National Religious*
*Broadcasters Music License Committee*

8

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 32(g) of the Federal Rules of Appellate Procedure, I hereby certify that this motion:

(i) complies with the type-volume limits of Rule 27(d)(2)(A), as it contains 1,411 words, including footnotes and excluding the parts of the document exempted by Rule 32(f); and

(ii) complies with the typeface and style requirements of Rule 32(a)(5)–(6), as it has been prepared using Microsoft Word 2013 and is set in 14 point Century Schoolbook font.

/s/ *Kenneth L. Steinthal*

## CERTIFICATE OF SERVICE

I certify that on November 17, 2017, I filed the foregoing motion via the Court's electronic case filing (ECF) system. Pursuant to Cir. Rule 25.1(h), the resulting Notice of Docket Activity generated by the ECF system constitutes service on counsel for the parties.

/s/ *Kenneth L. Steinthal*