# King & Spalding

King & Spalding LLP
101 2nd Street, Suite 2300
San Francisco, CA 94105
Tel: +1 415-318-1200
Fax: +1 415-318-1300
www.kslaw.com

Kenneth L. Steinthal
Partner
Direct Dial: +1 415-318-1211
ksteinthal@kslaw.com

November 29, 2017

Catherine O'Hagan Wolfe
Clerk of Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall Courthouse
40 Foley Square
New York, New York 10007

Re: Fed. R. App. P. 28(j) Submission by *Amici Curiae* in *United States of America v. Broadcast Music, Inc.,* Second Cir. Case No. 16-3830-cv (to be argued on Dec. 1, 2017 before Jacobs, Raggi, Droney, C.JJ.)

Dear Ms. Wolfe,

  Pursuant to this Court's order (Doc.192), *amici* ask that this Court not address whether BMI can collectively license fractional interests in compositions "outside" the decree.

  First, this is a hypothetical issue on which the record is not developed. BMI has never purported to engage in licensing outside the decree. The district court ruled that BMI could license fractional interests *under* the decree, so it did not consider whether a shadow fractional-interest repertory could exist *outside* the decree. And DOJ did not address that notion until its reply brief.

  Relatedly, how fractional licensing might be implemented outside the decree has not been clearly articulated. One likely scenario would involve a dramatic transformation in how BMI operates. BMI obtains the right to license compositions controlled in whole *or in part* by its affiliates. Govt.Br. 40-41. But if BMI could license fractional interests outside the decree, BMI and its affiliates would have an incentive for BMI to obtain only affiliates' fractional interests in split works, so all could profit from the hold-up opportunity created by fractional

November 29, 2017
Page 2

licensing. Through such manipulation, countless compositions would leave BMI's "decree repertory." Music users obtaining BMI shadow-repertory licenses covering only fractional interests in those compositions still would need additional licenses covering the remaining fractional interests—subjecting them to hold-up by other fractional owners or existing or new PROs. The decree and the blanket-licensing efficiencies justifying BMI's very lease on life would be subverted.

Finally, the notion that collective-licensing practices inconsistent with the decree exist "outside" the decree—rather than violating it—is wrong. The decree settled litigation challenging BMI's only business—collective licensing of public-performance rights in compositions—and has governed the entirety of BMI's collective licensing. BMI has never had a second, outside-the-decree "repertory." Suggesting otherwise ignores history and context, as well as this Court's rejection of the selective-withdrawal gambit, which sought to shrink the decrees' domain by forcing certain music users into outside-the-decree negotiations. *In re Pandora Media, Inc.*, 785 F.3d 73, 77-78 (2015). Outside-the-decree fractional licensing would likewise generate supracompetitive licenses that BMI would then use as "benchmarks" to drive up rates for decree-repertory licenses.

Respectfully submitted,
/s/ *Kenneth L. Steinthal*

Paul M. Fakler
ARENT FOX LLP
1675 Broadway
New York, NY 10019-5820
Telephone: (212) 457-5445

*Counsel for Music Choice*

Bruce D. Sokler
MINTZ, LEVIN, COHN, FERRIS,
 GLOVSKY AND POPEO, P.C.
701 Pennsylvania Ave., NW,
Suite 900
Washington, DC 20004
Telephone: (202) 434-7303

*Counsel for NCTA – The Internet & Television Association*

Kenneth L. Steinthal
Joseph R. Wetzel
KING & SPALDING LLP
101 2nd Street, Suite 2300
San Francisco, CA 94105
Telephone: (415) 318-1200

Jeffrey S. Bucholtz
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone: (202) 737-0500

*Counsel for American Beverage Licensees, Computer & Communications Industry Association, Google Inc., iHeartMedia, Inc., Mood Media Corporation, National Association of Broadcasters, Netflix, Inc., Radio Music*

November 29, 2017
Page 3

Angelo I. Amador
RESTAURANT LAW CENTER
2055 L Street, N.W., Suite 700
Washington, D.C.

*Counsel for Amicus Curiae
Restaurant Law Center*

Karyn Ablin
FLETCHER, HEALD &
　HILDRETH, P.L.C.
1300 North 17th Street, 11th Fl.
Arlington, VA  22209
Telephone: (703) 812-0443

*Counsel for the National Religious
Broadcasters Music License
Committee*

*License Committee, Restaurant Law
Center, SoundCloud Ltd., Viacom Inc.,
and WineAmerica*

## CERTIFICATE OF SERVICE

I hereby certify that on November 29, 2017, an electronic copy of the foregoing was filed with the Clerk of Court for the United States Court of Appeals for the Second Circuit using the appellate CM/ECF system.

/s/ *Kenneth L. Steinthal*
KING & SPALDING LLP